IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW EVANS
*Petitioner*,

    v.

UNITED STATES OF AMERICA
*Respondent*.

Civil Action No. ELH-16-3323
Criminal Action No. ELH-05-259

**MEMORANDUM**

On March 30, 2007, Matthew Troy Evans, the self-represented petitioner, was found guilty by a jury of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession of body armor by a person convicted of a crime of violence, in violation of 18 U.S.C. § 931 (Count Two); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). On October 19, 2007, Judge Andre Davis[1] determined that Evans qualified as an Armed Career Criminal and sentenced Evans to a total term of incarceration of 235 months.[2] ECF 43; *see* 18 U.S.C. § 922(g)(1); 18 U.S.C § 924 (e)(1); *see also* ECF 50 (Sentencing Tr. of Oct. 19, 2007) at 68-69.

Evans noted an appeal to the Fourth Circuit (ECF 45), which affirmed on February 18, 2010. *See* ECF 59; *United States v. Evans*, 361 Fed. App'x 524, 525 (4th Cir. 2010). The

---

[1] This case was initially assigned to then District Judge Andre Davis. After Judge Davis was elevated to the Fourth Circuit, it was reassigned to Judge William Quarles, Jr. It was reassigned to me on October 4, 2016, due to the retirement of Judge Quarles. *See* docket.

[2] An offender is an armed career criminal and subject to a mandatory minimum sentence of fifteen years if he violates 18 U.S.C. § 922(g) and "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e); *see also* U.S.S.G. § 4B1.4.

Supreme Court denied Evans's petition for a writ of certiorari.  *Evans v. United States*, 560 U.S. 918 (2010).

Thereafter, on May 16, 2011, Evans filed a motion to vacate under 28 U.S.C. § 2255 (ECF 61), which he supplemented on May 27, 2011 (ECF 63) (collectively, "First Petition"). The government opposed the First Petition (ECF 67) and Evans replied.  ECF 70.  In a Memorandum Opinion (ECF 72) and Order (ECF 73) of March 29, 2012, Judge Quarles granted the First Petition in part and denied it in part.  In particular, the Court agreed with both Evans and the government that Evans was unlawfully convicted of unlawful possession of body armor. ECF 72 at 12-15; ECF 73.  Therefore, Judge Quarles vacated the conviction for Count Two as well as the corresponding 36-month sentence.  ECF 73.  Judge Quarles rejected all other claims.

Thereafter, on June 6, 2012, Evans noted an appeal to the Court of Appeals for the Fourth Circuit.  ECF 74.  The Fourth Circuit dismissed the appeal on August 21, 2012.  ECF 78. Evans's petition for a rehearing *en banc* (ECF 80) was denied on October 30, 2012.  ECF 81.[3] The mandate issued on November 13, 2012.  ECF 82.

On October 3, 2016, Evans filed a second Motion to Vacate, Set Aside, or Correct a Sentence ("Second Petition"), pursuant to 28 U.S.C. § 2255.  ECF 84.  He relies on *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015).  In a skeletal, bare-bones submission, the government moved to dismiss the Petition (ECF 86, "Motion") on the ground that it was untimely.  The government did not address Evans's submission in 2011 of the First Petition under 28 U.S.C. § 2255, or the significance of the submission of the Second Petition, without prior approval of the Fourth Circuit.  Evans filed a lengthy reply to the Motion on December 12, 2016.  ECF 87 ("Reply").

---

[3] Evans claims to have filed a writ of certiorari to the Supreme Court (ECF 88 at 4), but there is no record of that petition.  *See* docket.

## I. Discussion[4]

### A.

Section 2255(a) of Title 28 of the United States Code, under which Evans filed his Petition, provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

Under 28 U.S.C. § 2255(b), the court must hold a hearing "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ."  *See, e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004).  Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion."  *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993).  On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue."  *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing the Second Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607,

---

[4] In lieu of setting forth a factual summary, I incorporate here Judge Quarles's extensive recitation of the underlying facts and procedural background, as set forth in ECF 72 at 1-11.

2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 Fed. App'x 332, 334 (4th Cir. 2013) (same).   Nevertheless, in my view, no hearing is necessary to resolve Evans's claims.

## B.

In the Second Petition, Evans claims that the Court should not have sentenced him as an Armed Career Criminal in light of the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015).   ECF 84.   In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), ruling that the definition of a "violent felony" was unconstitutionally vague.   135 S. Ct. at 2555–57.   The Court determined that the residual clause "did not articulate clearly how to evaluate the risks of injury posed by a crime, depriving defendants of fair notice regarding their potential sentence and inviting 'arbitrary enforcement by judges.'"   *United States v. Winston*, ____ F.3d ____, 2017 WL 977031, at *2 (4th Cir. Mar. 13, 2017) (explaining and quoting *Johnson*, 135 S. Ct. at 2557).   The Supreme Court has also recognized that *Johnson* announced a new substantive rule of constitutional law, which applies retroactively on collateral review.   *Welch v. United States*, ____ U.S. ____, 136 S. Ct. 1257, 1264-65 (2016).

However, this is Evans's Second Petition.   Therefore, 28 U.S.C. § 2255(h) is pertinent.   It provides:

> A second or successive motion must be certified as provided in section 2244 by a
> panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

A second or successive petition must be authorized by the appropriate appellate court. *See Winston*, *supra*, 2017 WL 977031, at *3; *United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). There is no indication that Evans sought or obtained such authorization.

Nevertheless, the Fourth Circuit has recognized that not every second petition filed under § 2255 is a "second or subsequent" one within the meaning of § 2255(h). To illustrate, a petition following a resentencing is not a second petition. *See, e.g.*, *United States v. Jones*, No. 16-6552, 2017 WL 1040471 (4th Cir. Mar. 17, 2017) (per curiam); *In re Gray*, ___ F.3d ___, 2017 WL 775861, at *3 (4th Cir. Feb. 28, 2017). But, that exception is not applicable here.

As indicated, Evans has not filed a request for authorization from the United States Court of Appeals for the Fourth Circuit to file a second petition. Therefore, the Second Petition has not been authorized.

## C.

A petition under 28 U.S.C. § 2255 is subject to a one-year statute of limitations. *See* 28 U.S.C. § 2255(f). Under § 2255(f), the limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Supreme Court issued its decision in *Johnson* on June 26, 2015.  *See* 135 S.Ct. 2551. Therefore, even assuming Evans would have been entitled to file a successive § 2255 petition, the time to do so expired on June 26, 2016.  Yet, Evans did not file his Petition until October 3, 2016, three months after the time to do so expired under § 2255(f).  *See* ECF 84.  Accordingly, Evans's Petition is barred by the limitations period in 28 U.S.C. § 2255(f).

## D.

With respect to limitations, the facts here do not support the application of equitable tolling.[5]  Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result.'"  *Whiteside v. United States,* 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (applying equitable tolling to one-year limitation period in 28 U.S.C. § 2255) (quoting *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc)) (additional citations omitted); *see Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir. 2001); *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.  2000).

For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'"  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).  A petitioner need show only "reasonable diligence"; there is no requirement for "maximum feasible diligence."  *Holland,* 560 U.S. at 653 (citation omitted).

---

[5] The government did not address equitable tolling in its Motion.

In his Reply, Evans complains that the poor conditions of the jail library impeded his ability to file a timely appeal.  ECF 87 at 10-11.  However, limited access to prison law libraries does not constitute an extraordinary circumstance sufficient to invoke tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171-172 (5th Cir. 2000) (concluding that inadequacy of the law library did not amount to extraordinary circumstances); *see also Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (concluding that three-month segregation and limited access to the law library "were neither extraordinary nor made it impossible for [petitioner] to file his petition in a timely manner"); *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (stating that "a prisoner's limited access to the prison law library is not grounds for equitable tolling"); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (declining to grant equitable tolling where petitioner was segregated for 60 day and had limited access to the law library); *Marsh v. Soares*, 223 F.3d 1217, 1221 (10th Cir. 2000) (concluding that a 15-day holiday closure of the law library did not constitute extraordinary circumstances).

Additionally, Evans asserts in his Reply that the Court should toll the statute of limitations because he only became aware of the *Johnson* decision in May 2016.  ECF 87 at 3.  But, *pro se* status and a lack of knowledge of the law do not constitute extraordinary circumstances so as to warrant equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *see also Cross–Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's *own* ignorance or mistake does not warrant equitable tolling . . . .") (emphasis in *Riggs*); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); *Smith v. McGinnis*, 208

F.3d 13, 18 (2nd Cir. 2000) (recognizing that pro se status does not establish sufficient ground for equitable tolling).

Finally, Evans maintains that he wrote three letters to Kenneth Ravenell, Esq., his trial counsel, between 2015 and 2016, inquiring about pursuing a § 2255 petition in light of *Johnson*. ECF 84 at 2. According to Evans, Ravenell agreed to hold a telephone call with him based on their correspondence. *Id.* But, Evans asserts that on the day of the conference call, Ravenell was not available, and Evans was returned to his cell. *Id.* According to Evans, his inability to communicate with counsel was beyond his control.

In general, "the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances." *Corrigan v. Barbery*, 371 F Supp. 2d 325, 330 (W.D.N.Y. 2005); *see also United States v. Berry*, No. 3:09CR00019-1, 2013 WL 150319, at *2 (W.D. Va. Jan. 14, 2013) ("Reliance on the difficulties inherent in prison life is insufficient to demonstrate equitable tolling."). Even if it is true that prison policies prevented Evans from speaking with his counsel on a particular occasion, that circumstance does not demonstrate an extraordinary circumstance that warrants tolling. *See, e.g. Rivera v. United States*, 719 F. Supp. 2d 230, 234 (D. Conn. 2010) (denying a 2255 petition because "the circumstances faced by [petitioner]—difficulty in contacting his attorney and delays caused by the prison mail system—were consistent with the ordinary inconveniences experienced by all prisoners"), *aff'd*, 448 Fed. App'x 145 (2d Cir. 2011).

Evans indicates that on May 10, 2016, he sent letters to both Ravenell and William Hamel, Esq., who Evans claims represented him during his appeal. ECF 84 at 3; ECF 87 at 3;

*see* ECF 89 through ECF 91.[6]  To the extent that Evans did attempt to contact attorneys during the one-year limitations period, those attempts do not support the invocation of tolling.  As indicated, a prisoner must demonstrate "reasonable diligence" to justify the invocation of tolling. *Holland*, 560 U.S. at 653.  Here, sending letters to various counsel, none of whom Evans claims agreed to represented him for the § 2255 petition, does not demonstrate reasonable diligence. *Compare Holland*, 560 U.S. at 653 (finding reasonable diligence where petitioner "wrote his attorney numerous letters seeking crucial information and providing direction"; "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association"; and filed a *pro se* habeas petition on the very day that he discovered that limitations period expired).

In sum, Evans has not identified any circumstances that entitle him to equitable tolling. Accordingly, I conclude that Evans's Petition is time-barred by 28 U.S.C. § 2255(f)(3).

## E.

Even assuming, *arguendo*, that Evans's Second Petition is properly before the Court, it lacks merit.

In general, a defendant may challenge on collateral review an alleged erroneous determination that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'"  *United States v. Newbold*, 791 F.3d 455, 460 (4th Cir. 2015) (citation omitted).  As indicated, in *Johnson* the Supreme Court struck the residual clause of the ACCA as unconstitutionally vague.  135 S. Ct. at 255-57.  *Johnson* announced a new substantive rule entitled to retroactive effect.  *Welch v. United States*, 136 S. Ct. 1257, 1265

---

[6] Evans has docketed several letters written to various attorneys requesting assistance in filing a petition under § 2255.  *See* ECF 89 through ECF 91.  I note that each of these letters is dated after the limitations period had expired.  *See* ECF 89 through ECF 91.

(2016); *In re: Hubbard*, 825 F. 3d 225(4th Cir. 2016).  The question, then, is whether Mr. Evans was properly designated as an Armed Career Criminal.

The defendant's Presentence Report ("PSR") was not docketed, but is contained in the judicial file and was discussed by Judge Quarles in his Memorandum Opinion.  *See* ECF 72. The PSR reflects that Evans has a lengthy criminal history, dating to 1986.  The following prior convictions are relevant.

Paragraph 39 of the PSR indicates that in 1994 Evans was convicted in the Circuit Court for Baltimore City of possession with intent to distribute CDS, for which he was sentenced to a term of six years' incarceration, of which four years, one month, and fourteen days were suspended.  *See* ECF 72 at 8.[7]  Paragraph 41 of the PSR reflects that in 2004 Evans was convicted in the United States District Court for the District of Maryland of conspiracy to possess with intent to distribute cocaine, for which he was sentenced to 84 months' incarceration. *See id.*  In his Memorandum Opinion of March 29, 2012, Judge Quarles specifically determined that the two 1994 convictions were based on independent events.  ECF 72 at 8-9.  And, paragraph 43 of the PSR indicates that in 2001, Evans was convicted in the Circuit Court for Baltimore City of conspiracy to distribute cocaine, for which he was sentenced to 18 months' incarceration.  *See* ECF 72 at 8.  The PSR also reflects that Evans was over the age of 18 at the time of his arrest for each of these offenses.

Pursuant to 18 U.S.C. § 924(e)(1), an Armed Career Criminal is an individual who violates 18 U.S.C. § 922(g), and who has three prior convictions for either a "violent felony" or a "serious drug offense," or both.  As noted, a person who qualifies as an Armed Career Criminal

---

[7]   The PSR states that Evans was convicted of Possession with Intent to Manufacture/Distribute "CDS."  But, in his Memorandum Opinion (ECF 72) Judge Quarles noted that Evans described the crime as "possession with intent to distribute heroin."  ECF 72 at 8 n.5; *see* ECF 61-1 at 18.

is subject to a mandatory period of imprisonment of not less than fifteen years, in accordance with the Armed Career Criminal Act.

Among other things, 18 U.S.C. § 922(g)(1) renders it illegal for a felon to possess a firearm.   Section 924(e)(1) of 18 U.S.C. states, in part: "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . ."

Section 924(e)(2)(A) of 18 U.S.C. defines the term "Serious Drug Offense."   Section 924(e)(2)(A)(i) is relevant as to prior drug offenses under federal law.  It defines a serious drug offense as "an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law . . . ."

Section 924(e)(2)(A)(ii) is relevant as to predicate offenses under State law.  It defines a serious drug offense as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"

In addition, sections 841 and 846 of 21 U.S.C. are pertinent.  Section 841(a)(1) prohibits the manufacture, distribution, dispensing, or possession with intent to manufacture, distribute, or dispense a controlled substance.  21 U.S.C. § 841(b)(1)(B) provides that a violation of 21 U.S.C. § 841(a)(1) involving 500 grams or more of cocaine shall result in a "term of imprisonment which may not be less than 5 years and not more than 40 years . . . ."  21 U.S.C § 846 provides:

"Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

At the time of Evans's State convictions, the operative law was found in Md. Code Ann. (1957 Repl. Vol., 1999, 2001 Supps.), Art. 27, § 286.[8] Section 286(a)(1) of Article 27 prohibited the felony offenses of distribution of a controlled dangerous substance ("CDS") and possession with intent to distribute CDS. Section 286(b) established various penalties, and set a penalty of imprisonment not exceeding 20 years for the first offense under § 286(a)(1), if it involved a Schedule I or Schedule II narcotic drug. Article 27 § 277(f) defined "controlled dangerous substance." The drugs that appeared on Schedule I and Schedule II were set forth in Art. 27 § 279(a) and (b). Heroin is found in Schedule I, at Art. 27 § 279(a). Cocaine was designated as a Schedule II substance, at Art. 27 § 279(b); *see also State v. Nieves*, 383 Md. 573, 579 n.3, 861 A.2d 62, 66 n.3 (2004).

As indicated, the PSR reflects that Evans was convicted of possession with intent to distribute CDS (*i.e.*, heroin); conspiracy to possess with intent to distribute cocaine; and conspiracy to distribute cocaine. Each of these three offenses was a distinct serious drug offense, as defined by the Armed Career Criminal Act.

In view of the foregoing, *Johnson* is of no help to Evans. This is because *Johnson* invalidated as unconstitutionally vague the residual clause of the ACCA definition for "violent felony." *Johnson*, 135 S. Ct. at 2558. However, Evans was not found to be an Armed Career Criminal based on prior offenses that were deemed to be violent felonies.

---

[8] The Maryland Code was recodified in 2002. Md. Code (2012 Repl. Vol., 2016 Supp.), §§ 5-602 and 5-608 of the Criminal Law Article ("C.L.") are the current relevant sections.

Rather, he was determined to be an Armed Career Criminal based on three distinct, serious drug offenses.

## II.  Certificate of Appealability

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding.[9] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274. 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Because petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA.

## III.  Conclusion

In light of the foregoing, I shall GRANT the government's Motion and DENY Evans's Second Petition, because the Second Petition was untimely under 28 U.S.C. § 2255(f)(3).  I shall also DENY the Second Petition because Evans did not seek authorization from the Court of Appeals for the Fourth Circuit before filing his Second Petition, as required by § 2255(h).

An Order follows, consistent with this Memorandum.

Date:   March 27, 2017                        _____/s/_____
                                              Ellen L. Hollander
                                              United States District Judge

---

[9] The denial of a COA does not preclude a petitioner from seeking permission from the appellate court for a COA