# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MATTHEW TROY EVANS,   *

Petitioner   *

v.   *   Criminal Case: ELH-05-259
                                       (Related Civil Action: ELH-18-1508)

UNITED STATES,   *

Respondent   *

***

# MEMORANDUM[1]

On May 21, 2018, the court received correspondence from Matthew Evans, a self represented litigant, which was docketed as a petition for writ of error coram nobis in ELH-18-1508. *Id.*, ECF 1. The petition does not provide enough information for the court to perform an adequate preliminary review or a proper response from Respondent. Because the letter does not allege a basis for granting the writ, Evans will be granted 28 days to supplement his petition.

Evans' letter also asks the Court to appoint counsel for him in order to file a writ of error coram nobis on his behalf in the state and federal courts. ELH-05-249, ECF 99 at 1. A petitioner has no constitutional right to counsel after the first appeal of right, such as during post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further." (internal citation omitted)); *see also Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003).

Section 3006A(a)(2) of Title 18 of the United States Code provides (emphasis added):

---

[1] This case was initially assigned to Judge Andre Davis. After Judge Davis was elevated to the Fourth Circuit, the case was reassigned to Judge William D. Quarles, Jr. Due to the retirement of Judge Quarles, the case was reassigned to me on October 4, 2016.

> Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation *may* be provided for any financially eligible person who—
>
>> (A) is charged with a Class B or C misdemeanor, or an infraction for which a sentence to confinement is authorized; or
>>
>> (B) is seeking relief under section 2241, 2254, or 2255 of title 28.

Thus, a court has the discretion—but not the obligation—to appoint counsel for a petitioner pursuing relief under 28 U.S.C. §§ 2241, 2254, or 2255, provided that certain conditions are met.

A petition for writ of error coram nobis shares some commonalities with a petition brought under §§ 2241, 2254, or 2255. But, it is legally distinct and is brought under 28 U.S.C. § 1651(a) (the "All Writs Act"), a statute which is not mentioned in § 3006A(a)(2)'s grant of discretionary authority to appoint counsel. At least one court has concluded that the absence of § 1651 from § 3006A(a)(2) means that appointment of counsel in a coram nobis proceeding is not permitted. *Adeleke v. United States*, No., 12–10876, 550 F. App'x 237, 239 (5th Cir. Dec. 30, 2013). However, a different court treated a coram nobis petition as falling within the scope of 18 U.S.C. § 3006(a)(2)(B), and considered whether the petitioner had made the requisite showing that the interest of justice warranted the appointment of counsel. *Brown v. United States*, 1:17-cv-00017-MR, 2017 WL 2643255, at *4 (W.D.N.C. June 19, 2017).

Regardless of which approach is correct, the court concludes that Evans' motion for appointment of counsel must be denied. Applying the reasoning of *Adeleke*, the court lacks the authority to appoint counsel in a coram nobis proceeding. Alternatively, even if the approach taken in *Brown* is correct, Evans has failed to demonstrate that the interests of justice warrant the appointment of counsel, as he has not presented any argument suggesting he is entitled to the extraordinary relief of a writ of error coram nobis.

Evans has also requested that he be provided with copies of several documents from his habeas corpus proceedings in 2011 and 2012, although he does not explain why such documents are necessary. ECF 99 at 1. The court will treat this request as a motion for copy work.

Copies of court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). However, an indigent person is not entitled to such copies merely to comb the record in the hope of discovering some error. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Petitioner has stated no reason for the pending request. And, because Evans has failed to articulate a particularized need, the request for copy work at the government's expense shall be denied.

An Order follows.

Date: May 30, 2018
/s/
Ellen L. Hollander
United States District Judge