IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-05-0259 |
| MATTHEW EVANS, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Matthew Evans was sentenced to 235 months' imprisonment in October 2007 for possession of a firearm and ammunition by a convicted felon, and possession of body armor by a person convicted of a crime of violence. (ECF No. 43.) On August 5, 2019, Evans filed the present Motion to Reduce Sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). (ECF No. 106.) In his Motion, Evans seeks to be resentenced under Section 404 of the First Step Act because, at the time of his sentencing, he qualified as an armed career criminal under 18 U.S.C. § 924(e), which resulted in an enhanced sentence. (ECF No. 106 at 1; *see also* PSR ¶¶ 46, 62.) In his Motion, Evans also asks for "all [of his] eligible good time credits under the First-Step-Act." (ECF No. 106 at 1.)

Section 404 of the First Step Act reduced the sentences associated with certain "covered offenses" by permitting the retroactive application of sentence reductions set forth in the Fair Sentencing Act of 2010. *United States v. Wirsing*, 943 F.3d 175, 180 (4th Cir. 2019) (citing First Step Act § 404(b), 132 Stat. at 5222). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." First Step Act § 404(a),

1

132 Stat. at 5222. Additionally, inmates who are serving sentences of more than one year, but less than life, "may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence," if the Bureau of Prisons determines that "the prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b).

As is explained more fully in the government's response in opposition to Evans's Motion, the First Step Act does not present a basis for reducing Evans's sentence, because offenses governed by § 924(e) are not "covered offenses" under the First Step Act. (*See* ECF No. 114 at 5); *see also United States v. Wims*, 836 F. App'x 793, 796 (11th Cir. 2020) (explaining that the First Step Act does not operate to reduce sentences under § 924(e)). Moreover, with respect to Evans's request for good time credits under § 3624(b), the government provides evidence that Evans's sentence has *already* been updated pursuant to the First Step Act. (*See* ECF No. 114-1 at 2.)

Accordingly, Evans's request for resentencing under the First Step Act is unmeritorious, and his request for good time credits is moot. Evans's Motion to Reduce Sentence pursuant to the First Step Act of 2018 (ECF No. 106) is therefore DENIED.

DATED this 26 day of July, 2021.

BY THE COURT:

James K. Bredar
Chief Judge